Daniel M. WEMHOFF, and Others similarly situated including all persons and organizations who have and will assemble peacefully on the mall in Washington, D.C., Appellant

v.

George W. BUSH, et al., Appellees

No. 01–5329.

United States Court of Appeals, District of Columbia Circuit.

Feb. 8, 2002.

Rehearing Denied April 30, 2002.

Before EDWARDS, SENTELLE, and HENDERSON, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

**ORDERED AND ADJUDGED** that the district court's order filed September 14, 2001, be affirmed. The district court properly held that appellant is unlikely to succeed on the merits of his First Amendment claim because he has not shown that the World War II Memorial will impede expressive activity and that, even if it does, such an incidental restriction on speech is impermissible. *Cf. United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968) (government regulation withstands First Amendment scrutiny if it furthers an important or substantial governmental interest that is unrelated to the suppression of free expression, and if the "incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest"). In addition, appellant's claim of irreparable harm is premised entirely on his speculative assertion that the memorial will limit expressive activity. *See Wisconsin Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C.Cir.1985) (per curiam) (movant must substantiate claim that irreparable harm is likely to occur). Nor has appellant rebutted appellees' claim that enjoining con-

struction would substantially harm the public interest in the memorial's expeditious construction. Finally, the public interest in preserving space on the National Mall for demonstrations does not clearly warrant injunctive relief because there is a competing public interest in the memorial's expeditious construction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.